UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN AIELLO,

 Plaintiff,

           Case No. 20-cv-10997

v.           Hon. Matthew F. Leitman

TACO BELL OF AMERICA, LLC,

 Defendant.

_____/

### ORDER DENYING DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT (ECF No. 17)

In this action, Plaintiff John Aiello alleges that he suffered injuries when he slipped and fell in the restroom of premises owned by Defendant Taco Bell of America, LLC ("Taco Bell"). (*See* Compl., ECF No. 1, PageID.12-16.)   Aiello brings a negligence claim for premises liability against Taco Bell. (*See id.*)

Taco Bell has now filed a motion for summary judgment. (*See* Mot., ECF No. 17.)  In that motion, Taco Bell argues that it is entitled to judgment as a matter of law because Aiello cannot establish that Taco Bell breached a legal duty that it owed to him and cannot identify the cause of his fall.  The Court disagrees.  Therefore, for the reasons explained below, Taco Bell's motion is **DENIED**.

# I

## A

Taco Bell owns and maintains a restaurant located at 45132 Ford Road in Canton, Michigan ("the Restaurant").  On April 4, 2018, Aiello visited the Restaurant around lunchtime with a co-worker named Aaron. (*See* Aiello Dep. at 42:3-42:14, ECF No. 18-2, PageID.171.)  Before ordering his food, Aiello walked to the men's restroom to wash his hands. (*See id.* at 44:18-44:22, PageID.171.)  He took two steps into the restroom, and then he slipped and fell. (*See id.* at 46:24-48:11, ECF No. 18-2, PageID.172.)  According to Aiello, he fell because the restroom floor was as slippery as "an ice rink." (*Id.* at 51:11-51:16, PageID.173.)  But he did not actually see any substance (like soap, cleaning solution, or water) on the floor. (*See id.* at 57:6-57:12, PageID.174.)   In fact, he says that there was "nothing on the floor." (*Id.*)

Aiello remembers that he screamed after he hit the ground and that Aaron then came to the men's restroom "to see what was wrong with me." (*Id.* at 52:17-52:22, PageID.172-173.)  A woman whom Aiello believed to be a nurse also entered the restroom to help. (*See id.*)

According to Aiello, while he was laying on the floor, Aaron told him (Aiello) that he (Aaron) had also slipped on the floor of the bathroom. (*See id.* at 51:13-52:13,

PageID.173.)   Aiello says that the suspected nurse also informed him that the women's restroom in the Restaurant was "slippery." (*Id.* at 53:5-53:13, PageID.173.)

An ambulance was eventually called for Aiello, and two EMS responders took him to the hospital. (*See id.*at 50:1-50:2, PageID.173.)   As a result of the fall, Aiello suffered "serious and disabling injuries," including a torn rotator cuff in his left shoulder and injuries to his "head, neck, back, and spine." (Compl., ECF No. 1, PageID.13-15.)

**B**

Aiello filed this action on March 17, 2020, in the Wayne County Circuit Court. He alleges that Taco Bell is liable for his injuries because it negligently maintained its premises and breached its legal duty to protect him from an unreasonable risk of harm. (*See* Compl. at ¶¶ 7-9, ECF No. 1, PageID.13-14.)   Taco Bell removed the case to this Court on April 22, 2020. (*See* Notice of Removal, ECF No. 1.)

Discovery commenced on October 12, 2020, and concluded on May 1, 2022. (*See* Am. Case Man. Order, ECF No. 16.)   Taco Bell deposed Aiello, but Aiello did not take any depositions.

Taco Bell filed a motion for summary judgment on July 21, 2022. (*See* Mot., ECF No. 17.)   In that motion, Taco Bell argues that it is entitled to judgment as a

3

matter of law because Aiello cannot establish that Taco Bell breached a legal duty that it owed to him and cannot identify the cause of his fall.[1] (*See id.*)

On September 29, 2022, the Court held a video hearing on Taco Bell's motion. At the conclusion of that hearing, the Court offered the parties an opportunity to submit supplemental briefs discussing whether the Court may appropriately consider Aiello's statement that the suspected nurse told him the floor of the women's bathroom was also unusually slippery on the day of his fall.  Taco Bell filed its supplemental brief on October 13, 2022. (*See* Taco Bell Supp. Brief, ECF No. 21.) Aiello filed his response on October 27, 2022. (*See* Aiello Supp. Brief, ECF No. 22.)

## II

Under Federal Rule of Civil Procedure 56, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 312, 326-27 (6th Cir. 2013) (quoting Fed. R. Civ. P. 56).  When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.*  But "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be

---

[1] Taco Bell's motion focuses primarily on its argument that Aiello cannot identify the cause of his fall.  However, during the hearing on Taco Bell's motion, Aiello's counsel confirmed that Taco Bell's motion may reasonably be understood to argue both that Aiello could not prove causation and that Aiello could not prove breach of duty.

evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

## III

To maintain a claim for negligence under Michigan law, a plaintiff must establish four elements: (1) duty; (2) breach; (3) causation; and (4) damages. *See Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 177 (Mich. 1993). Taco Bell argues that it is entitled to summary judgment because Aiello cannot establish the breach and causation elements of his claim. The Court disagrees.

## A

The Court begins with the breach element of Aiello's negligence claim. Under Michigan law, a landowner "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition." *Drews v. American Airlines*, 68 F.Supp.2d 734, 740 (E.D. Mich. 2014). But landowners "are not absolute insurers of the safety of their invitees." *Bertrand v. Alan Ford Inc.*, 537 N.W.2d 185, 188 (Mich. 1995); *see also Drews*, 68 F.Supp.3d at 740 ("An invitor, however, need not guarantee its invitee's absolute safety."). "To establish a breach of duty in a Michigan premises liability case, a Plaintiff must show that the Defendant: (1) created the dangerous condition; (2) knew of the dangerous

condition; or (3) should have known of the dangerous condition." *Drews*, 68 F.Supp.3d at 741.  Aiello has presented sufficient evidence to create a genuine dispute as to whether Taco Bell created the dangerous condition.

Aiello's theory is that Taco Bell applied a cleaning substance to the floor and that that substance made the floor dangerously slippery.  As his counsel acknowledges, Aiello has not presented any *direct* evidence to support this theory. For instance, he does not have records showing when Taco Bell cleaned the restroom or which substances it applied to the floor during the cleaning process.  Moreover, because Aiello did not depose any Taco Bell employees, he has been unable to provide testimony from any Taco Bell employee concerning who cleaned the floor, when that person cleaned the floor, and which cleaning substances that person used to clean the floor.

However, Aiello does have circumstantial evidence that Taco Bell must have applied a cleaning substance to the bathroom floor and that that substance rendered the floor unreasonably slippery.  He identified that evidence during his deposition. He testified that, while he was on the floor in the restroom, the suspected nurse told him that the women's restroom was also slippery. (*See* Aiello Dep. at 54:7-13, ECF No. 18-2, PageID.173.)  The nurse's report is sufficient evidence to support a reasonable inference that Taco Bell created the slippery condition.  Indeed, if the women's restroom and men's restroom were both unreasonably slippery *at the same*

*time*, then it would be reasonable to infer that the slipperiness was created by a cleaning substance that Taco Bell applied to both restrooms during a single recent cleaning episode.

Taco Bell counters that this Court cannot consider Aiello's testimony about the suspected nurse's statement because it is inadmissible hearsay. The Court disagrees. Even if the suspected nurse's statement is inadmissible hearsay – an issue that the Court need not and does not decide at this point – the Court may consider it in connection with Taco Bell's motion for summary judgment.

Rule 56(c)(2) of the Federal Rules of Civil Procedure provides the governing framework here. That rule provides that a party "may object" that "material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2). When such an objection is made, the party offering the material has the burden to "show that [it] is admissible as presented or … explain the admissible form that is anticipated." *Mangum v. Repp*, 674 F. App'x 531, 536 (6th Cir. 2017) (quoting Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment). If the party offering the material sufficiently explains how the material will be presented in admissible form, then a court may consider the material when it decides a motion for summary judgment. *See, e.g.*, *Ferrell v. SunCrest Home Health of East Tennessee, LLC*, 2018 WL 7964535, at *6 n.3 (M.D. Tenn. Sep. 25, 2018) ("While it is true that Ms. Turner's statement about what Dr. Todd's employee

told her appears to be hearsay, the challenged statement could be presented at trial by Plaintiff, by calling Dr. Todd's employee as a witness.").

Aiello has sufficiently demonstrated that he will be able to present the hearsay statement of the suspected nurse in an admissible form at trial. Specifically, Aiello explains that he plans to call the suspected nurse herself to testify about the slippery condition of the women's restroom. The suspected nurse's live, in-court testimony would not be hearsay and would be admissible.

While there was previously some uncertainty as to whether Aiello would be able to identify the suspected nurse and/or secure her testimony, Aiello has now established a reasonable basis to believe that he will be able to clear those hurdles. Through additional, post-discovery investigation, Aiello has identified the suspected nurse as Jennifer Beeman, and he has provided a likely address and phone number where she may be reached. (*See* Supp. Brief, ECF No. 22, PageID.221-222.) While Ms. Beeman has not responded to phone calls from Aiello's counsel, Aiello reasonably suggests that she will comply with a subpoena compelling her to testify in this matter.[2] (*See id.*) Under these circumstances, the Court concludes that Aiello has sufficiently demonstrated that he will be able to present Ms. Beeman's testimony in an admissible form at trial. Thus, the Court may consider Ms. Beeman's statement

---

[2] The address that Aiello identifies as belonging to Ms. Beeman is located within the Southern Division of the Eastern District of Michigan. Thus, Aiello has the ability to secure her personal attendance at trial by serving her with a subpoena.

that the women's restroom was also slippery.  For the reasons explained above, that statement is sufficient to create a genuine dispute as to the breach element of Aiello's claim.

## B

The Court next turns to Taco Bell's argument that Aiello cannot establish the causation element of his negligence claim.  In support of that argument, Taco Bell primarily relies on *Stefan v. White*, 257 N.W.2d 206 (Mich. Ct. App. 1977).  In *Stefan*, the plaintiff brought a negligence claim to recover for injuries she sustained when she slipped and fell in the defendant's home. *See id.* at 207.  The Michigan Court of Appeals concluded that the plaintiff had not established causation because she was completely unable to articulate what, if anything, actually caused her fall. *See id.* at 210.  The court explained that, "the mere occurrence of plaintiff's fall is not enough to raise an inference of negligence on the part of defendant." *Id.*  Rather, a plaintiff must provide evidence beyond mere "speculation or conjecture" that his fall was caused by the defendant's negligence. *Id.*

Aiello has satisfied that requirement here.  Unlike the plaintiff in *Stefan*, Aiello does not rely on the "mere occurrence of [his] fall" to establish causation. *Id.* Rather, he has presented evidence that he fell because the floor in the men's restroom was as slippery as an "ice rink," and, as explained above, he has provided circumstantial evidence that Taco Bell created that slippery condition by applying

some substance to the floor. (*See* Aiello Dep. at 51:11-16, ECF No. 18-2, PageID.173.) In contrast to the plaintiff in *Stefan*, Aiello can identify why he fell – because Taco Bell made the floor slippery by applying some substance to it.[3] Thus, *Stefan* does not control here, and Taco Bell is not entitled to judgment as a matter of law on the ground that Aiello cannot establish the causation element of his claim.

## IV

For all of the reasons explained above, Taco Bell's motion for summary judgment (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2022

---

[3] Taco Bell also relies on several cases that stand for the proposition that the mere fact that a plaintiff fell on a slippery floor does not establish actionable negligence. *See, e.g.*, *Hulett v. Great Atlantic & Pacific Tea Co.*, 299 N.W. 807, 810 (Mich. 1941) ("The mere fact that one slips on an oiled floor and injures oneself does not establish actionable negligence. There must be evidence that the floor was improperly oiled so as to create a hazardous condition."); *Pollack v. Oak Office Bldg.*, 151 N.W.2d 353, 356 (Mich. Ct. App. 1967) (finding that evidence of slipperiness, standing alone, was insufficient to establish actionable negligence). But Aiello does not rest his claim solely upon the slipperiness of the floor. As explained above, he has presented circumstantial evidence that Taco Bell created the dangerous condition by applying some sort of substance to the floor.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 10, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
